UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DE LASALLE ACADEMY OF
FORT MYERS, INC., A NOT-FOR-
PROFIT CORPORATION;

    Plaintiff,

v.

CERTAIN UNDERWRITERS AT
LLOYD'S LONDON
SUBSCRIBING TO POLICY
NUMBER W15AB6170401,

    Defendant,
_____/

Case No. 2:25-cv-127-JES-KCD

## **ORDER**

Before the Court is Defendant's Unopposed Motion to Compel Arbitration and Dismiss Proceedings. (Doc. 9.) The parties agree that this hurricane insurance case should go to arbitration, considering that the policy contains an arbitration agreement (Doc. 1-1), which includes the requirement to submit any dispute for payment of any claim to binding arbitration. The Court finds that this case should go to arbitration consistent with the plain language of the parties' agreement.

Having found that arbitration is appropriate, there is the lingering question of what should happen with the case. Defendant seeks dismissal. But the "Eleventh Circuit has held that the proper course is to stay the

proceedings rather than dismiss the action." *Norfolk S. Ry. Co. v. Fla. E. Coast Ry., LLC*, No. 3:13-CV-576-J-34JRK, 2014 WL 757942, at *11 (M.D. Fla. Feb. 26, 2014). Accordingly, the Court will follow suit.

It is **ORDERED**:[1]

1. The Agreed Motion to Compel Arbitration and Dismiss Proceedings (Doc. 9) is **GRANTED IN PART AND DENIED IN PART**. The parties are directed to arbitrate this case promptly—in accordance with their agreement. **The clerk is directed to add a stay flag to the docket and administratively close the case**.

2. This case will remain **STAYED** until the parties advise the court that (1) arbitration has been completed and (2) the stay should be lifted, or the case should be dismissed. The parties must notify the court of such matters **within seven (7) days** of the arbitration concluding.

3. The parties are otherwise directed to file a joint report on the status of arbitration **on May 26, 2025**, and **every ninety (90) days after** until arbitration concludes.

4. The motion is denied to the extent it seeks any greater or different relief.

---

[1] Because a motion to compel arbitration does not address the merits of the dispute but merely changes the forum, it is a non-dispositive matter that does not require a report and recommendation. *See Soriano v. Experian Info. Sols., Inc.*, No. 2:22-CV-197-SPC-KCD, 2022 WL 17551786, at *1 (M.D. Fla. Dec. 9, 2022).

**ENTERED** in Fort Myers, Florida on February 26, 2025.

Kyle C. Dudek
United States Magistrate Judge

3